UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CARL G. WATKINS,                          )
                                          )
        Petitioner,                       )          Civil Action No. 13-CV-13-DLB
                                          )
v.                                        )
                                          )
CHAPLAIN HALLOCK, *et al*.,               )          **MEMORANDUM OPINION**
                                          )              **AND ORDER**
        Respondents.                      )

**** **** **** ****

Petitioner Carl G. Watkins is a prisoner confined at the United States Penitentiary - McCreary in Pine Knot, Kentucky. Proceeding without an attorney, Watkins filed a petition for a writ of mandamus pursuant to 28 U.S.C. § 1361. [R. 1] The Court has granted Watkins's motion to pay the filing fee in installments by prior order. [R. 12]

The Court must conduct a preliminary review of Watkins's petition because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Watkins's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v.*

1

*Twombly*, 550 U.S. 544, 555-56 (2007).

       In his petition, Watkins seeks an order compelling prison chaplains Hallock and Basile to:

> provide and supply the faith group commonly known as the HEBREW-
> ISREALITES, with any and all appropriate religious items ( sealed carton grape
> juice; adequate supply of Matza for "our" group exclusively; Current videos and
> books of our Spiritual Leaders; Facilitate calls to outside clergy of fellow HEBREW-
> ISREALITE within the surrounding area; to encourage and promote these clergymen
> to visit and minister to the group; Not to discourage members of other faith groups
> from attending and seeking to convert over to the HEBREW-ISRAELITE way of
> life; To not have those of us that participate in the Certified Religious Diet removed
> from CRD on word alone of potentially/culturally biased staff members that claim
> that they 'saw' an individual eating [something] that is not part of their CRD without
> proof or [witness];) necessary for the traditional and obligatory and customary
> practices and ceremonial rituals required under our [religious] beliefs.

[R. 1, p. 2]  As grounds for the relief requested, Watkins argues that his requests are compelled by

the First Amendment to the United States Constitution, 42 U.S.C. § 2000bb(a), and "federal statute

T5360.02."  [R. 1, p. 3]

       In order to establish that relief in the nature of mandamus is available, a plaintiff must

demonstrate that the defendant owes the plaintiff a clear, nondiscretionary duty to take the action

requested, and that the plaintiff has exhausted all other avenues of relief.  *Heckler v. Ringer*, 466

U.S. 602, 616 (1984); *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th

Cir. 2004).  Watkins has failed to satisfy either requirement.

       First, none of the sources of authority cited by Watkins impose upon prison officials a clear

unmistakable duty to provide him with the items and services he requests here.  While prisoners

retain their right under the First Amendment to exercise their religion while incarcerated, *Cruz v.

Beto*, 405 U.S. 319, 322 (1972), prison officials may impose reasonable restrictions upon that right

in light of security needs and correctional goals, *Bell v. Wolfish*, 441 U.S. 520, 549-51 (1979), and

neither statute nor judicial precedent interpreting that amendment clearly establish that, beyond the

2

general protections of the amendment, Watkins is entitled to the specific accommodations he requests to his religious beliefs.  While the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.*, required stricter judicial scrutiny of restrictions upon religious exercise than is required under the first amendment, it did not provide any greater specificity to the conduct proscribed.[1] Absent clear authority directing the respondents to perform the actions Watkins requests here, his request for mandamus relief must fail.  *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997) (duty must be for specific, ministerial act, devoid of discretion).

Finally, Watkins's citation to "federal statute T5360.02" appears to be a reference to BOP Program Statement  5360.09, *Religious Beliefs and Practices*.  As a threshold matter, the BOP's Program Statements are not promulgated and adopted in accordance with the Administrative Procedures Act's notice and comment requirements.  *Somerville v. Federal Bureau of Prisons*, 579 F. Supp. 2d 821, 826 (E.D. Ky. 2008).  Accordingly, it is questionable whether the Program Statements, which constitute mere "interpretive rules" rather than statutes or regulations, can create duties enforceable through mandamus.  But more fundamentally, the Program Statement does not clearly require any of the things Watkins requests.  For instance, while it permits chaplains to facilitate phone calls out of the prison, it does not require them to do so under any circumstance.  PS 5360.09 § 10a(2).  It also requires that space in the prison be designated for religious purposes, but only requires that it be allocated between religious groups "fairly and equitably."  PS 5360.09

---

[1]  The RFRA was long ago found unconstitutional, *City of Boerne v. Flores*, 521 U.S. 507, 534-35 (1997), but the stricter scrutiny it required was subsequently made a part of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a), at least for those incarcerated in prison.  The Court assumes Watkins seeks relief under RLUIPA as the surviving statute, but it offers no greater specificity than its predecessor, and hence also fails to provide grounds for relief.

§ 11a(c).  Chaplains may, but need not, contact outside groups or volunteers to determine if they can provide for the religious needs of certain groups.  PS 5360.09 § 12(a), (b).  In sum, none of the authorities upon which Watkins relies creates a clear, unmistakable duty to provide him with the items or services he requests, and mandamus relief is therefore unavailable.

Nor has Watkins alleged that no other alternative methods to pursue the items he seeks.  Because relief by mandamus is a truly extraordinary remedy, *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980), it is available only where no other alternative exists.  *Heckler*, 466 U.S. at 616.  Not only may Watkins pursue relief administratively through the BOP's Inmate Grievance program, PS 1330.16, but he may pursue his claims in a civil rights action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  The availability of relief through ordinary civil actions is sufficient to deny the availability of relief through mandamus.  *Cf. Stanley v. Hogsten*, 277 F. App'x 180, 181 (3d Cir. 2008); *Coleman v. Eichenlaub*, No. 07-14880,  2008 WL 4960168, at *2 (E.D. Mich. Nov. 20, 2008).

Accordingly, **IT IS ORDERED** that:

1.      Watkins's petition for a writ of mandamus is **DENIED WITH PREJUDICE**.

2.      The Court will enter an appropriate judgment.

3.      This matter is **STRICKEN** from the active docket.

This 15th day of May, 2013.



Signed By:

**David L. Bunning**

**United States District Judge**

G:\DATA\Opinions\London\13-13 MOO denying petiton for writ of mandamus.wpd

4